UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
:
RICARDO LOUIS,                                          :
:
          Petitioner,                             :
:
    - against -                                      :
:
UNITED STATES OF AMERICA                                :
:
          Respondent.                             :
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/12

**OPINION AND ORDER**

11 Civ. 5999 (SAS)

08 CR 1089 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

        On August 28, 2011, Ricardo Louis filed this motion to vacate, set aside, or correct his sentence pursuant to section 2255 of Title 28 of the United States Code (the "Petition"). In the initial petition filed by his counsel, Louis challenges his sentence on the ground that there was no factual basis for his guilty plea. Subsequently, proceeding pro se, Louis filed an amendment in which he argued that he was denied effective assistance of counsel. In particular, Louis asserts that he did not admit to conduct involving the statutory element of effect upon interstate commerce and that his counsel failed to demand a hearing to establish that element. For the following reasons, the Petition is denied.

## II.  BACKGROUND

In November 2008, Ricardo Louis was charged with one count of conspiracy to commit robbery as defined under section 1951(b)(1) of Title 18 of the United States Code ("the Hobbs Act").[1]  The distinctive element of a Hobbs Act robbery is the element of effect upon interstate commerce.[2]  The Complaint described a crew that spent the Spring and Summer of 2007 robbing various drug dealers and businessmen throughout New York City.[3]

Shortly after the Complaint was filed, Louis consented to the filing of a felony Information to which he then pled guilty.[4]  The Information charged him with one count of conspiracy to commit "the robbery of money and drugs from drug dealers and money from commercial establishments."[5]  In his Plea Agreement, Louis "consent[ed] to the prosecution of Count One . . . and waive[d] any right to challenge this prosecution on the basis of venue."[6]

---

[1]  *See* Information, Ex. B to Respondent's Memorandum in Opposition to Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence ("Resp. Mem."), ¶ 1.

[2]  *See* 18 U.S.C. § 1951(b)(1) (2006).

[3]  *See* Sealed Complaint, Ex. A to Resp. Mem., at 2-3.

[4]  *See* Information ¶ 1.

[5]  *Id.*

[6]  Oct. 23, 2008 Plea Agreement at 1.

At the plea proceeding, Louis allocuted to having agreed to rob a house he believed was occupied by drug dealers in order "[t]o get money."[7] Seeming to disagree, the Government proffered that "with respect to the interstate nexus element . . . the object of the robbery was a robbery of a wealthy businessman. And the defendant and others followed this wealthy businessman from his place of business to his home before they attempted to rob him."[8] Based on Louis's allocutions and the Government's proffer, the Court found that all elements of the crime Louis was charged with had been satisfied. The Magistrate Judge reiterated that, as part of his Plea Agreement, Louis "would not file a direct appeal nor collaterally attack a sentence within or below the stipulated [G]uidelines range . . . [which was] [sixty-three] to [seventy-eight] months imprisonment."[9] On September 7, 2010, this Court sentenced him to fifty-one months in prison.[10] Louis did not appeal his conviction or sentence.

Louis now files this Petition claiming that his sentence should be

---

[7] Plea Hearing Transcript ("Tr."), Ex. A to Petitioner's Memorandum in Support of Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence ("Pet. Mem.") 16:1-18.

[8] *Id.* 16:22-17:1.

[9] *Id.* 19:21-20:1.

[10] *See* Judgment in a Criminal Case, *United States v. Louis*, No. 08 CR 1089 (S.D.N.Y. Sept. 7, 2010) (Docket No. 22).

vacated, set aside, or corrected because he "did not admit conduct involving the statutory element of effect upon interstate commerce" as required to establish robbery under section 1951.[11]  He insists that robbing a home does not necessarily affect interstate commerce and, as such, that "the allocution does not match the stated facts to the statutory elements . . . charged."[12]  Further, Louis contends that the Government's factual proffer concerning the interstate nexus differed from Louis's own admissions.[13]  As such, in Louis's view, his counsel should have demanded a hearing on the jurisdictional element of his crime and thereby failed to provide him with an effective defense.

## III.   LEGAL STANDARD

To prevail in petitioning the court in vacating, setting aside, or correcting a sentence under section 2255 of Title 28 of the United States Code, a petitioner must demonstrate "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[14]

---

[11]   Pet. Mem. at 4.

[12]   *Id.* at 16.

[13]   *See id.*

[14]   28 U.S.C. § 2255 (2008).

### A.   Right to Bring a Collateral Attack

"Under established Second Circuit precedent, a defendant's waiver of his right to . . . collaterally attack a sentence generally is enforceable."[15]  Indeed, the Second Circuit has repeatedly upheld such provisions in plea agreements.[16]  A waiver may be invalidated in narrow circumstances:  "'when the waiver was not made knowingly, voluntarily, and competently, . . . when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, . . . when the government breached the plea agreement, . . . or when the sentencing court failed to enunciate any rationale for the defendant's

---

[15]   *Martinez v. United States*, Nos. 06 Civ. 99, 99 CR 822, 2006 WL 1310383, at *1 (S.D.N.Y. May 11, 2006).

[16]   *See Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001) (upholding waiver of right to bring a collateral attack and finding that petitioner entered into plea agreement "knowingly and voluntarily" when he "signed the plea agreement, [] he stated to the magistrate judge that he had read and understood the plea agreement, . . . [and] even in his petition for reconsideration, he did not assert explicitly or under oath that at the time of his plea he did not understand that he was giving up his right to . . . petition under [section] 2255"); *Brown v. United States*, Nos. 12 Civ. 1295, 04 CR 801, 2012 WL 2510280, at *1 (S.D.N.Y. June 29, 2012) ("A knowing and voluntary waiver of the right to collaterally attack a sentence is valid and enforceable and forecloses a section 2255 motion."); *Londono v. United States*, Nos. 11 Civ. 6773, 05 CR 68, 2012 WL 2376456, at *7 (S.D.N.Y. June 21, 2012); *Paredes-Cisnero v. United States*, Nos. 11 Civ. 2908, 03 CR 809, 2012 WL 2367057, at *3 (S.D.N.Y. June 19, 2012).

sentence.'"[17]  This Circuit has been reluctant to make exceptions in all but the most egregious cases.[18]

### B.    Insufficient Factual Basis for Guilty Plea

The Supreme Court has long held that "claims that *could* have been brought on direct appeal [may not be] raised on collateral review absent cause and prejudice."[19]  Indeed, "[a] [section] 2255 petition may not be used as a substitute for direct appeal."[20]  "The Supreme Court has stated that 'cause under the cause and prejudice test must be something *external* to the petitioner, something that cannot be fairly attributed to him.'"[21]

Rule 11 of the Federal Rules of Criminal Procedure requires that

---

[17]    *Campusano v. United States*, 442 F.3d 770, 774 (2d Cir. 2006) (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000)).

[18]    *See, e.g.*, *United States v. Jacobson*, 15 F.3d 19, 23 (2d Cir. 1994) (refusing to enforce waiver of collateral attack from an arguably unconstitutional use of naturalized status as the basis for a sentence).

[19]    *Yick Man Mui v. United States*, 614 F.3d 50, 53, 54 (2d Cir. 2010) (emphasis added) ("[T]he so-called mandate rule [also] bars re-litigation of issues already decided on direct appeal.").  *Accord Massaro v. United States*, 538 U.S. 500, 504, 504 (2003) (these rules are "neither a statutory nor a constitutional requirement, but . . . a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments").

[20]    *Hardy v. United States*, Nos. 11 Civ. 8382, 10 CR 1123, 2012 WL 843384, at *5 (S.D.N.Y. Mar. 14, 2012).

[21]    *Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993) (alteration in original) (quoting *Coleman v. Thompson*, 501 U.S. 722, 751-53 (1991)).

before accepting a guilty plea, a court must "determine that the plea is voluntary . . . [and] that there is a factual basis for the plea."[22] The court must "inform the defendant of, and determine that the defendant understands . . . the nature of each charge."[23] The court must also "'assure itself that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty.'"[24] However, Rule 11 "does not require that the court be satisfied that a jury would return a verdict of guilty. . . ."[25]

A Rule 11 claim may form the basis of a direct appeal.[26] As such, a claim that the plea lacked a sufficient factual basis cannot form an independent ground for habeas relief because it could have been raised on direct appeal.

### C. Interstate Commerce Element of a Hobbs Act Robbery

To obtain a Hobbs Act conviction, the Government must establish that the defendant "in any way or degree obstruct[ed], delay[ed], or affect[ed] commerce or the movement of any article or commodity in commerce, by robbery . . . or

---

[22]   Fed. R. Crim. P. 11(b)(2)-(3).

[23]   *Id.* 11(b)(1)(G).

[24]   *United States v. Graziano*, 306 Fed. App'x 693, 694 (2d Cir. 2009) (quoting *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997)).

[25]   *Id.*

[26]   *See Hardy*, 2012 WL 843384, at *5.

attempt[ed] or conspire[d] so to do."[27] The Government carries the burden of establishing this jurisdictional element.[28]

It is well-established law that "the burden of proving a nexus to interstate commerce is minimal" for a Hobbs Act claim.[29] "If the defendant's conduct produces any interference with or effect upon interstate commerce, whether slight, subtle, or even potential, it is sufficient to uphold a prosecution under the Hobbs Act."[30]

On that basis, the Second Circuit has repeatedly rejected challenges to the Hobbs Act that involved robberies of neighborhood businesses that had regularly purchased or sold products transported across state lines or international

---

[27] 18 U.S.C. § 1951(a).

[28] *See United States v. Parkes*, 497 F.3d 220, 226 (2d Cir. 2007).

[29] *United States v. Elias*, 285 F.3d 183, 188 (2d Cir. 2002). *Accord United States v. Fabian*, 312 F.3d 550, 554 (2d Cir. 2002) (citing cases for the proposition that a *de minimis* showing of effect on interstate commerce is sufficient to satisfy the Hobbs Act); *Parkes*, 497 F.3d at 230 ("[T]he required showing of an effect on interstate commerce is *de minimis*.").

[30] *United States v. Perrotta*, 313 F.3d 33, 36 (2d Cir. 2002) (emphasis omitted) (quotation marks omitted). *Accord United States v. Wilkerson*, 361 F.3d 717, 726 (2d Cir. 2004) ("Even a potential or subtle effect will suffice."); *United States v. Jones*, 30 F.3d 276, 285 (2d Cir. 1994) ("[A]ll that need be shown is the possibility or potential of an effect on interstate commerce, not an actual effect.").

borders.[31] Notably, the Second Circuit has held that the Government need not establish that the targeted narcotics organization was actually involved in importing or transporting drugs across state lines.[32]

> It may well be that . . . the interstate commerce element is satisfied by proof that a robbery targeted drugs or proceeds of a drug business that is purely intrastate. . . . The required evidence of an effect need not take any particular form. . . . [D]irect, indirect, or circumstantial evidence could suffice.[33]

In *United States v. Parkes*, the court held that the Government's proffer at the plea proceeding that it would present at trial witnesses "who ha[d] knowledge of the illegal drug trade" and of the fact that drugs travel across states constituted a sufficient factual basis for defendant's guilty plea.[34]

Moreover, "a defendant's belief about the nature of his crime may be

---

[31] *See Elias*, 285 F.3d at 187-89 (upholding conviction based on a robbery of a "neighborhood grocery store" that "sold beer brewed in Mexico and fruit grown in Florida and California"); *United States v. Mapp*, 170 F.3d 328, 336 n.13 (2d Cir. 1999) (upholding conviction based on conspiracy to rob the owner of a deli that sold goods manufactured in two different states as well as outside the United States); *Wilkerson*, 361 F.3d at 729-31 (upholding robbery conviction where victims owned informal landscaping business for which they bought supplies from a local retail store that itself obtained those supplies from out of state).

[32] *See United States v. Gomez*, 580 F.3d 94, 101 (2d Cir. 2009).

[33] *Parkes*, 497 F.3d at 231 n.10 (emphasis omitted) (finding that there was sufficient evidence of an interstate nexus in the attempted robbery of a "local, part-time marijuana dealer").

[34] *Id.* at 231.

determinative"[35] – regardless of whether an effect on interstate commerce was even possible. For instance, the Second Circuit once held that "because [the defendant] believed that his robberies targeted business proceeds that fell within the scope of the Hobbs Act, the fact that they did not actually do so was not a bar to liability."[36]

### D. Ineffective Assistance of Counsel

The Supreme Court has held that, unlike other claims, ineffective assistance of counsel claims "may be brought in a collateral proceeding under [section] 2255, whether or not the petitioner could have raised the claim[s] on direct appeal."[37] The standard for attacking a conviction or sentence based on the allegedly ineffective assistance of counsel is a demanding one, however. A defendant must: (1) show that his representation "fell below an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice" to petitioner.[38] Petitioner carries the burden of establishing both

---

[35] *United States v. Silverio*, 335 F.3d 183, 187 (2d Cir. 2003) ("[W]hen circumstances make such an effect an impossibility . . . a robber's belief about the object of the robbery is sufficient to establish the interstate nexus."). *Accord United States v. Clemente*, 22 F.3d 477, 480-81 (2d Cir. 1994) ("Factual impossibility is no defense to the inchoate offense of conspiracy under the Hobbs Act.") (quotation marks omitted).

[36] *Silverio*, 335 F.3d at 187.

[37] *Massaro*, 538 U.S. at 504.

[38] *Strickland v. Washington*, 466 U.S. 668, 687-88, 693-94 (1984).

elements.[39]

In elucidating the first requirement, the Supreme Court has emphasized that courts "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[40] The relevant inquiry on the second requirement of prejudice is whether there is a "reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different."[41] As applied to plea agreements, the question is whether the defendant would have opted for a trial instead of pleading guilty. "A reasonable probability is [one] sufficient to undermine confidence in the outcome."[42] "Where a defendant enters a guilty plea upon counsel's advice, the voluntariness of the plea depends on whether the advice was within the range of competence demanded of attorneys in criminal cases."[43] Thus, a petitioner is required to "show[] that counsel made errors so serious that counsel was not

---

[39] *See id.* at 687.

[40] *Id.*

[41] *Id.* at 694.

[42] *Id.*

[43] *Hill v. Lockhart*, 474 U.S. 52, 52 (1985). *Accord Carrion v. Smith*, 537 F. Supp. 2d 518, 522 (S.D.N.Y. 2008).

elements.[39]

In elucidating the first requirement, the Supreme Court has emphasized that courts "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[40] The relevant inquiry on the second requirement of prejudice is whether there is a "reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different."[41] As applied to plea agreements, the question is whether the defendant would have opted for a trial instead of pleading guilty. "A reasonable probability is [one] sufficient to undermine confidence in the outcome."[42] "Where a defendant enters a guilty plea upon counsel's advice, the voluntariness of the plea depends on whether the advice was within the range of competence demanded of attorneys in criminal cases."[43] Thus, a petitioner is required to "show[] that counsel made errors so serious that counsel was not

---

[39] *See id.* at 687.

[40] *Id.*

[41] *Id.* at 694.

[42] *Id.*

[43] *Hill v. Lockhart*, 474 U.S. 52, 52 (1985). *Accord Carrion v. Smith*, 537 F. Supp. 2d 518, 522 (S.D.N.Y. 2008).

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"[44] and that "the trial cannot be relied on as having produced a just result."[45]

## IV.   DISCUSSION

### A.   Right to Bring a Collateral Attack

At his plea proceeding, Louis allocuted that he "would not file a direct appeal nor collaterally attack a sentence within or below the stipulated [G]uidelines range . . . [that is] [sixty-three] to [seventy-eight] months."[46]  Louis received a below-Guidelines sentence of fifty-one months.[47]  Therefore, according to the plain terms of his Plea Agreement, Louis is barred from bringing this Petition.  While the law provides narrow exceptions where a defendant may be released from his waiver of the right to bring a collateral attack, those precedents are inapposite here.  Indeed, Louis does not contend that he entered into the waiver involuntarily, unknowingly, or incompetently.  Therefore, Louis is not exempt from his waiver of the right to bring a collateral attack.  In any event, neither claim has merit.

### B.   Insufficient Factual Basis for Guilty Plea

In his first claim, Louis insists that he did not plead to facts sufficient

---

[44]   *Strickland*, 466 U.S. at 687.

[45]   *Id.* at 689.

[46]   Tr. 19:21-20:8.

[47]   *See* Pet. Mem. at 1.

to establish the jurisdictional element of a Hobbs Act robbery.  Even absent a waiver, Louis is barred from bringing a collateral attack on this ground.  Because this is a Rule 11 claim that Louis could have raised on a direct appeal, he cannot raise it now via a collateral attack.

In any case, his claim is meritless.  *First*, he entered into the plea voluntarily.  The Court ensured that he was informed of the nature of the charge and understood it.[48]  *Second*, there was a sufficient factual basis for that plea.  Louis allocuted that he agreed with others to rob individuals he believed to be drug dealers.  Because a defendant's belief about the nature of his crime is determinative, the Court needed only to assure itself that the robbery of drug dealers constituted an offense under the Hobbs Act, including the interstate nexus element.  The standard for establishing that element is exceedingly low.  As such, the Court did not err in concluding that the robbery could have had an impact on interstate commerce – a minimal bar that was met in the case of the robbery of a local, part-time marijuana dealer.  Because Louis admitted to conduct and a belief sufficient to satisfy the interstate commerce element, Louis's claim that this Court lacked a factual basis for accepting his guilty plea is plainly without merit.

---

[48]   After reviewing the elements of a Hobbs Act robbery (including impact on interstate commerce), the Judge asked Louis: "[H]aving heard the elements of the offense that is set forth in the Information, is it your desire to tender a plea of guilty?"  Louis answered in the affirmative.  Tr. 17:22-18:18.

### C. Ineffective Assistance of Counsel

In his second claim, Louis asserts that his trial attorney, Alan Baum, fell short of the standard of reasonableness under prevailing professional norms. Specifically, he argues that Baum failed to: (1) inform Louis of the nature of the conspiracy he was pleading to, (2) object to the insufficient factual basis on and demand a hearing to establish the jurisdictional element of a Hobbs Act robbery, and (3) object to what Louis considers a mischaracterization of the facts by the Government at the hearing.

On the *first* point, Louis repeatedly protests that his lawyer allowed him to plead to the "wrong" conspiracy. Louis insists that he mistakenly pled to the conspiracy "detailed in appeals[] case no. *United States v*[.] *Celaj*[], 10 [CR] 2792 (2d Cir. Aug[.] 22, 2011)."[49] As the prosecution points out, the charge in the Complaint and Information are identical. At his hearing, the Judge read the Information verbatim to Louis[50] and specifically referenced the allegation that "money was robbed and drugs were robbed from drug dealers."[51] The range of

---

[49] Petitioner's Relation Back Amendment to Petitioner's Memorandum in Support of Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence at 2 (citing *United States v. Celaj*, 649 F.3d 162 (2d Cir. 2011)).

[50] *See* Tr. 8:9-16.

[51] *Id.* 8:17-23.

penalties accompanying the charge were also explained to Louis who acknowledged that he understood them.[52] Louis did not plead to the wrong conspiracy or to elements different from the ones comprising the crime of which he was convicted.

To win on the *second* point, Louis would have to establish that his lawyer's alleged ineffectiveness, to a reasonable probability, caused him prejudice. As detailed above, the standard to establish the jurisdictional element in a Hobbs Act narcotics robbery is so low that Louis's minimal allocutions at his plea proceeding were sufficient for the Court to conclude that the interstate commerce nexus was satisfied, even without considering the Government's proffer. As such, it is extremely unlikely that an evidentiary hearing would have produced findings that would have led the Court to reject Louis's guilty plea or that his lawyer's Rule 11 objection or appeal would have succeeded. Because his lawyer's conduct did not prejudice Louis, this Court need not address whether his conduct fell below the standard of reasonable representation.

As to the *third* point, whether, as Louis alleges, the Government mischaracterized the facts is irrelevant because Louis's allocution was sufficient on its own to establish the jurisdictional element. The Court did not need to rely on the Government's allegation that Louis robbed wealthy businessmen or commercial

---

[52]  *See id.* 9:2-12.

establishments to accept Louis's guilty plea. Louis's own admission that he robbed narcotics dealers was sufficient. As a result, Louis's claim that he was denied effective assistance of counsel is also without merit.

## V.  CONCLUSION

For the foregoing reasons, Louis's section 2255 motion is denied. The remaining issue is whether to grant a Certificate of Appealability. For a Certificate of Appealability to issue, a petitioner must make a "substantial showing of the denial of a constitutional right."[53] A "substantial showing" does not require a petitioner to demonstrate that he would prevail on the merits, but merely that reasonable jurists could debate whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[54] Petitioner has made no such showing. Accordingly, I decline to grant a Certificate of Appealability. The Clerk of the Court is directed to close this case.

---

[53] *Yick Man Mui*, 614 F.3d at 53.

[54] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). *Accord Middleton v. Attorneys Gen. of the States of N.Y. and Pa.,* 396 F.3d 207, 209 (2d Cir. 2005) (denying Certificate of Appealability where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         July 30, 2012

**- Appearances -**

**Petitioner (Pro Se):**

Ricardo Louis
# 61350-054
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

**For Petitioner:**

B. Alan Seidler, Esq.
580 Broadway
New York, New York 10012
(212) 334-3131

**For Respondent:**

John T. Zach
Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York 10007
(212) 637-2410